In re Thomas S. WHITTINGTON,
Debtor.

GENERAL MOTORS ASSEMBLY
DIVISION—SHREVEPORT
PLANT, Plaintiff,

v.

Thomas S. WHITTINGTON, Defendant.

Bankruptcy No. 581–01503–S.
Adv. No. 582–0037.

United States Bankruptcy Court,
W. D. Louisiana.

Aug. 18, 1982.

Michael S. Hubley, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, La., for plaintiff.

Robert Booth, Shreveport, La., for defendant.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

The debtor, Thomas S. Whittington, was an employee of General Motors, in another city. When the debtor moved to Shreveport, General Motors would pay the relocated employee a sum of money under its Relocation Allowance Program. More money was paid if the relocated employee moved with a family than if he relocated only himself. Mr. Whittington was in fact married and had a stepson. Mr. Whittington applied for and received the relocation allowance due to a married employee with one child. In fact, Mr. Whittington came to Shreveport alone. The debtor was overpaid the sum of $915.00.

Later, Mr. Whittington was temporarily laid off by General Motors. Through General Motors Supplemental Unemployment Benefits Program, Mr. Whittington would receive money, in addition to unemployment insurance benefits, the aggregate of which was not to exceed 95 percent of Mr. Whittington's normal working pay.

Due to a federal program, known as the Trade Readjustment Allowance, Mr. Whittington was paid more than 100 percent of his normal working pay. As agreed between General Motors and the United Autoworkers Union, the debtor was to repay General Motors that sum exceeding 95 percent of his wages; in this case, $3,600.00.

In December of 1981, Mr. Whittington filed his petition in Bankruptcy, under Chapter 7, of Title 11, of the United States Code. General Motors Assembly Division—Shreveport Plant, was scheduled as an unsecured creditor, in the amount of the two overpayments. General Motors Assembly Division now complains that the debt owed it by the debtor should not be discharged.

**36**

## CONCLUSIONS OF LAW

Plaintiff first argues that it is not a creditor of the debtor. The money overpaid has created a peculiar innominate relationship between the parties.

■ Section 101(9)(A) of Title 11 of the United States Code defines creditor to be an "entity that has a claim against the debtor". Certainly the plaintiff has a claim against the debtor and is therefore, a creditor.

In the alternative, plaintiff argues that the debts are nondischargeable, as they represent a willful conversion of plaintiff's property. Plaintiff cites 11 U.S.C. § 523(a)(6), which states:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

It is stated at 3 Collier on Bankruptcy, 15th ed. § 523.16 that "willful" means a deliberate, intentional act which necessarily leads to injury. "Malicious" means a wrongful act, one committed without just cause. It is important to note that the conjunctive "and" is used. For an act to be nondischargeable under 11 U.S.C. § 523(a)(6), it must be both willful and malicious.

■ The overpayment of $3,600.00, under the Supplemental Unemployment Benefits Program was not a willful conversion by Mr. Whittington. At page 10 of the trial transcript, it was plaintiff's supervisor of this program who stated:

"When an overpayment occurs, and again it's not necessarily due to the fault of the employee, or poor administration on the part of the company, but the things involved...".

If the company is perplexed by this program, why should the employee, Mr. Whittington, be expected to know more? Plaintiff has failed to prove that the debtor willfully converted the overpaid money.

■ As to the overpayment of $915.00 under the Relocation Allowance Program, the facts bear out the plaintiff's claim. After relocating in Shreveport, Mr. Whittington applied for the relocation money. Although he knew that neither his wife nor his stepson had come to Shreveport with him, he stated that they had in the application. See plaintiff's exhibit marked GM 1. The debtor signed the application, which falsely stated that he had moved his two dependents with him. That is a willful act. The debtor signed the application wrongfully and without just cause. The facts indicate the debtor knew he was not entitled to this allowance. In this respect, the act was also malicious.

For these reasons the debtor, Mr. Whittington, is discharged from the debt of $3,600.00 owed because of the overpayment under the Supplemental Unemployment Benefits. Mr. Whittington is not discharged from the debt of $915.00, owed because of the overpayment under the Relocation Allowance Program.